**THOMAS, THOMAS & HAFER LLP**
Norman D. Namey, Esquire
Attorney Identification Number 45167

Cross Creek Pointe
1065 Highway 315 – Suite 205
Wilkes Barre, PA  18702

570-820-0240 (voice)
570-825-5164 (telecopy)
nnamey@tthlaw.com

Attorneys for Defendant,
ALEESHA BAILEY

---

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| DANETTE K. FIFE,<br><br>            Plaintiff,<br><br>    v.<br><br>ALEESHA BAILEY<br><br>            Defendant | JURY TRIAL DEMANDED<br><br>ELECTRONICALLY FILED<br><br><br>Civil Case No. 3:14-CV-01716-EMK<br>(Judge Mannion) |

---

### DEFENDANT'S PRETRIAL MEMORANDUM

---

Date conference was held by counsel:  <u>None was conducted</u>.

A.    <u>A BRIEF STATEMENT AS TO FEDERAL JURISDICTION</u>:

Federal Court jurisdiction is premised in this matter on diversity of
citizenship and the alleged amount in controversy.   Ms. Bailey is a
citizen of Connecticut and Plaintiff is a citizen of Pennsylvania.

B.    A SUMMARY STATEMENT OF FACTS AND CONTENTIONS AS TO LIABILITY:

The accident at issue occurred on December 17, 2012.  Ms. Bailey had
exited the northbound lanes of Interstate Route 81 at the Davis
Street/Montage Mountain Road Exit (Exit 182) when she admittedly
became disoriented due to her unfamiliarity with the intersection, poor
lighting and bad weather conditions.  She ended up traveling west in the
eastbound lane of Davis Street before she recognized she was not in her
appropriate lane of travel.

The accident at issue occurred when Ms. Bailey attempted to correct the
situation by moving her vehicle to her right over the medial strip
separating the east and westbound lanes of travel of Davis Street.  Ms.
Bailey stopped (straddling the medial strip) and was struck on the right
front by a vehicle operated by Plaintiff, which was traveling west in the
far left of the westbound lanes of travel.   The Plaintiff could not testify to
seeing Ms. Bailey at any time before the accident occurred.  Ms. Bailey
contests liability.

Ms. Bailey is a single mother of a minor son (Kian Hudson) who has been
diagnosed with multiple medical conditions, to include Hurler
Syndrome; shunted hydrocephalus; asthma; developmental delay;
attention deficit hyperactivity disorder ("ADHD"); and,  occipital
cervical instability.  Ms. Bailey was driving a rented van from Pittsburgh
to her home in Connecticut.  The family had been in Pittsburgh for Ms.
Bailey's minor son to undergo medical evaluation for his multiple medical
conditions.  She was accompanied in the van by her brother (Andre
Warren) and her minor son Kian.

Ms. Bailey asserts she was not negligent for having mistakenly turned
into the wrong lane of Davis Street.  In the alternative, Ms. Bailey
respectfully suggest any negligence attributed to her having mistakenly
turned into the wrong lane of Davis Street was not the cause of the
accident at issue.  Further in the alternative, Ms. Bailey respectfully
suggests the conduct of the Plaintiff in failing to see her vehicle as it was
stopped in the median area was the cause in fact and legal cause of the
accident and that she (Plaintiff) is therefore negligent.

C.    A STATEMENT OF FACTS THE DEFENDANT DOES NOT DISPUTE:

1st    Plaintiff is an adult individual residing at 1588  Schoolhouse Road,
        Hardy's Lake, Luzerne County, PA;

2nd   Defendant Ms. Bailey is an adult individual residing at 514 Hawthorne Lane, Windsor, Connecticut;

3rd   Plaintiff is a resident of Pennsylvania;

4th   The Defendant is a resident of Connecticut;

5th   The collision between the parties' vehicles occurred in Pennsylvania ;

6th   Ms. Bailey was the operator of a 2013 Chrysler Town & County bearing Connecticut vehicle registration number 953-ZDE on December 17, 2012 ;

7th   Plaintiff was the operator of a 2012 Kia Optima bearing Pennsylvania vehicle registration number HYK-3269 on December 17, 2012 ;

8th   Plaintiff was operating her Kia westbound on Davis Street, Moosic, Lackawanna County, PA near its intersection with Montage Mountain Road on December 17, 2012 ;

9th   Ms. Bailey operated the Chrysler westbound in the eastbound lane of travel on Davis Street, Moosic, Lackawanna County, PA near its intersection with Montage Mountain Road on December 17;

10th  Ms. Bailey admits she was involved in a vehicle collision with a woman she believes was the Plaintiff on December 17, 2012 –.

D.   A BRIEF DESCRIPTION OF DAMAGES, INCLUDING, WHERE APPLICABLE:

(1)   PRINCIPAL INJURIES SUSTAINED:

Plaintiff's medical records and eventually Plaintiff herself to a spine surgeon, Jeffrey R. McConnell, M.D.   He produced an initial report based on his review of Plaintiff's medical records and diagnostic imaging studies.   Dr. McConnell then prepared a second report after an Independent Medical Evaluation was completed.   Copies of both reports are attached and marked (respectively) as Exhibits "A" & "B" to Ms. Bailey's Pre-Trial Memorandum.

Dr. McConnell offers the following opinions/explanations in his initial report (resulting from his record and film review):

* * * * *

The medical records support a diagnosis of an acute cervical and lumbar sprain/strain as a result of the motor vehicle accident of December 17, 2012.

Given the fact that the cervical disc herniation occurred sometime between February 22 and 27, 2013 [based on history] and given the fact that her radiographic studies did demonstrate disc degeneration in the cervical spine, it is most probable that the disc herniation occurred coincidentally as a result of the progression of a degenerative disc disease in the neck . . . the onset of the right arm pain, numbness and tingling in a radicular distribution in the right  upper extremity . . . represents a . . . incident unrelated to the motor vehicle accident of December 17, 2012.

* * * * *

Dr. McConnell's subsequent evaluation of Plaintiff confirmed his original opinions concerning Plaintiff's alleged injuries.   He diagnosed Plaintiff as experiencing (1) cervical sprain/strain; (2) right hip contusion; (3) possible lumbar sprain/strain; and, (4) left ankle contusion/sprain/strain as a result of the subject accident.  He further opined the following based on his evaluation of Plaintiff and her medical chart:

* * * * *

. . . . Presently, Ms. Fife has a number of subjective complaints, which are not substantiated by the objective physical examination or radiographic findings.  These subjective complaints are opined not be casually related to the December 17, 2012 motor vehicle accident.  I do not believe that Ms. Fife currently suffers from any significant residual objective physical limitations or disabilities as a result of any injuries sustained as a result of the motor vehicle accident of December 17, 2012 . . . . .

* * * * *

. . . I see no need for any work limitations with respect to any possible residuals related to the injuries sustained as a result of the motor vehicle accident of December 17, 2012.  I see no reason why she would require any limitations from

her usual job or any of her usual physical activities from the standpoint of being status post anterior cervical discotomy and interbody fusion at C5-C6.

\* \* \* \* \*

(2) HOSPITALIZATION AND CONVALESCENCE:

Dr. McConnell has testified by way of trial deposition the healing time for the types of injuries (and possible injuries) sustained by Plaintiff would be six (6) weeks to three (3) months.

(3) PRESENT DISABILITY:

None according to Dr. McConnell.

(4) SPECIAL MONETARY DAMAGES, LOSS OF PAST EARNINGS, MEDICAL EXPENSES, PROPERTY DAMAGES, ETC.:

None inasmuch as whatever necessary and reasonable medical or chiropractic bills that were incurred were paid pursuant to Plaintiff's first party coverage. Moreover, Plaintiff has not sustained any wage loss or impaired earnings capacity as the former category would fall within her first party benefits as she missed on four (4) days of work as a result of the accident and is not limited by an impaired earnings capacity according the vocational evaluation completed by Robert Cipko, PhD on behalf of Ms. Bailey.

(5) ESTIMATED VALUE OF PAIN AND SUFFERING, ETC.:

In the event the issue is reached, Ms. Bailey respectfully suggests any pain and suffering would be limited to reasonable compensation for the six (6) weeks to three (3) months healing time to which Dr. McConnell testified.

(6) SPECIAL DAMAGE CLAIMS:

None.

E. NAMES AND ADDRESSES OF WITNESSES, ALONG WITH THE SPECIALITIES AND QUALIFICATIONS OF EXPERTS TO BE CALLED.

Fact Witnesses:

Aleesha Bailey (Liability)
Andre Warren (Liability)
Officer Thomas McGovern, Moosic Police Department (Liability)

Officer Thomas Jenkins, Moosic Police Department (Liability)
Dana Pescatore, InSight Investigations (Damages)
Chic Marra, Cross Valley Investigations (Damages)

Fact Witnesses:

Jeffrey McConnell, MD
OAA Orthopedic Specialists
250 Centronia Road
Allentown Pennsylvania

Robert Cipko MD
Rehabilitation Planning, Inc.
Plymouth Greene Office Campus B-5
1000 Germantown Pike
Plymouth Meeting, Pennsylvania

Copies of the reports prepared by Dr. McConnell are attached as Exhibits "A" & "B" and the report of Dr. Cipko is attached as Exhibit "C".  Ms. Bailey's experts qualifications are addressed in their CV's, attached as Exhibits "D" & "E"(respectively).

F.   SUMMARY OF TESTIMONY OF EACH EXPERT WITNESS.

Please refer to the reports prepared by Dr. McConnell are attached as Exhibits "A" & "B" and the report of Dr. Cipko is attached as Exhibit "C".

G.   SPECIAL COMMENT ABOUT PLEADINGS AND DISCOVERY, INCLUDING DEPOSITIONS AND THE EXCHANGE OF MEDICAL REPORTS.

None.

H.   A SUMMARY OF LEGAL ISSUES INVOLVED AND LEGAL AUTHORITIES RELIED UPON.

Was Aleesha Bailey negligent?

If determined to have been negligent, was the conduct of Aleesha Bailey was a real, actual factor in any injuries and/or damages the Plaintiff suffered?

Was Danette Fife negligent?

If determined to have been negligent, was the conduct of Danette Fife was a real, actual factor in any injuries and/or damages she suffered?

What percentage of negligence ca be attributed to Aleesha Bailey and (if applicable) what percentage of negligence can be attributed to Danette Fife?

The amount of damages sustained by Plaintiff as a result of this accident, if applicable.

I. STIPULATIONS DESIRED.

Ms. Bailey will stipulate to the authenticity of Plaintiff's medical records.

J. ESTIMATED NUMBER OF TRIAL DAYS.

Three (3) days.

K. ANY OTHER MATTER PERTINENT TO THE CASE TO BE TRIED.

Ms. Bailey is a single parent and sole caregiver for her son. If necessary, she may be asked to be excused from trial after appearing and testifying. She will ask for an instruction (to be provided) in the event she needs to return home before trial is completed.

L. DEFENDANT'S EXHIBIT FORM PURSUANT TO LOCAL RULE 16.3.

Please see attached Certificate marked as Exhibit "F".

M. APPEND ANY SPECIAL VERDICT QUESTIONS WHICH COUNSEL DESIRES TO SUBMIT.

Please see attached Jury Verdict Interrogatories marked as Exhibit "G".

N. CERTIFICATION PURSUANT TO LOCAL RULE 16.2.

Please see attached Certificate marked as Exhibit "H".

O. CERTIFICATION PURSUANT TO LOCAL RULE 30.10.

The parties have not yet completed this task.

P. REQUESTS FOR FINDINGS OF BOTH FACT AND LAW PURSUANT TO LOCAL RULE 48.2.

Not applicable.

Respectfully submitted,

THOMAS, THOMAS & HAFER, LLP

By:  /s/ *Norman D. Namey*

NORMAN D. NAMEY, ESQUIRE

Attorney For Defendant,
ALEESHA BAILEY