## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANETTE K. FIFE, | : | CIVIL ACTION—LAW |
| | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | THE HONORABLE JUDGE |
| | : | MALACHY E. MANNION |
| ALEESHA BAILEY, | : | |
| | : | |
| Defendant | : | NO. 3:14-CV-01716 |

**Plaintiff's Motion in Limine to Preclude Testimony and/or Reference to and/or Admission of Evidence Relating to Danette Fife's Alcohol/Medication/Drug Use or Rehabilitation History**

The Plaintiff, Danette K. Fife, by and through her attorneys, Cefalo & Associates, files this motion to preclude the following:

1.      On December 17, 2012, Defendant Aleesha Bailey drove the wrong way on Davis Street in Moosic, Pennsylvania, tried to cross the median to get back into the proper lane of travel, and crashed with Plaintiff Danette Fife's vehicle.

2.      It is anticipated that Defendant's counsel may attempt to introduce Plaintiff's prior alcohol/medication/drug history and rehabilitation from 1988 and 2014 into evidence under the guise that it is relevant to Plaintiff's life expectancy or injuries.

3.      Plaintiff anticipates that defense counsel will attempt to use such evidence in an attempt to inflame the passions of the jury, resulting in unfair prejudice to the Plaintiff.

4.      Furthermore, such evidence has absolutely no relation to the issues set forth in this case. Any evidence or documentation relating to Ms. Fife's alcohol/medication/drug

usage and rehabilitation history and any proposed testimony on the Plaintiff's alleged drug and alcohol history is irrelevant, unfairly prejudicial, and would greatly confuse the trier of fact.

5.     Furthermore, the Defendant has failed to establish that Danette Fife's alleged alcohol/medication/drug use was "chronic" and has not produced any qualified expert testimony as to any relationship between Ms. Fife's alcohol/medication/drug use and life expectancy. Thus, such evidence is inadmissible in this trial.

6.     Any such evidence has absolutely no relation to the issues set forth in this case and is a collateral issue.

7.     Any testimony, questioning, or references to Danette Fife's alcohol/ medication/drug use and/or rehabilitation history would be unduly prejudicial and should be precluded.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to preclude any testimony, references, or questioning with regard to Danette Fife's alcohol/medication/ drug use and/or rehabilitation history.

Respectfully submitted,
LAW OFFICE OF CEFALO & ASSOCIATES
BY: s/ *Michael J. Cefalo*
     MICHAEL J. CEFALO, ESQUIRE
     ID No. PA 16061
BY: s/ *James J. Albert*
     JAMES J. ALBERT, ESQUIRE
     ID No. PA 78373
     Attorneys for the Plaintiff
     309 Wyoming Avenue
     West Pittston, Pennsylvania 18643

Michael J. Cefalo, Esquire
James J. Albert, Esquire
Cefalo & Associates
Attorneys for the Plaintiff
309 Wyoming Avenue
West Pittston, Pennsylvania 18643
(570) 655-5555
info@cefaloandassociates.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANETTE K. FIFE, | : | CIVIL ACTION—LAW |
| | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | THE HONORABLE JUDGE |
| | : | MALACHY E. MANNION |
| ALEESHA BAILEY, | : | |
| | : | |
| Defendant | : | NO. 3:14-CV-01716 |

**<u>Plaintiff's Memorandum of Law in Support of Motion in Limine to Preclude Testimony
and/or Reference to and/or Admission of Evidence Relating to Danette Fife's
Alcohol/Medication/Drug Use or Rehabilitation History</u>**

In accordance with the accompanying Motion, the Plaintiff, Danette K. Fife, by and

through her attorneys, Cefalo & Associates, respectfully requests this Court grant her Motion

in Limine to preclude all evidence and/or references relating to prior drug and alcohol use,

addiction or rehabilitation; and the purported effect of said usage on her life expectancy.

**A.     STATEMENT OF FACTS**

On December 17, 2012, Defendant Aleesha Bailey drove the wrong way on Davis Street in Moosic, Pennsylvania, tried to cross the median to get back into the proper lane of travel, and crashed with Plaintiff Danette Fife's vehicle.

Plaintiff Danette Fife has a history of receiving inpatient treatment from Marworth Treatment Center in February of 2014 as well as prior alcohol/drug treatment in 1988.

It is anticipated that Defendant's counsel may attempt to introduce Plaintiff's prior alcohol / medication/ drug history and rehabilitation into evidence under the guise that it is relevant to Plaintiff's life expectancy.

**B.     LAW AND ARGUMENT**

Plaintiff anticipates that defense counsel intends to introduce evidence or testimony related to alcohol/medication use and/ or abuse or rehabilitation history. Plaintiff anticipates that defense counsel will attempt to use such evidence in an attempt to inflame the passions of the jury resulting in unfair prejudice to the Plaintiff. Furthermore, such evidence has absolutely no relation to the issues set forth in this case. Any evidence or documentation relating drug and alcohol usage and any proposed testimony on the Plaintiff's alleged

drug and alcohol history is irrelevant, unfairly prejudicial, and would greatly confuse the trier

of fact. Furthermore, the Defendants have failed to produce any qualified expert testimony as

to any relationship between Ms. Fife's drug use and life expectancy. Thus, such evidence is

inadmissible in this trial.

 The Pennsylvania Rules of Evidence clearly state that irrelevant evidence is

inadmissible. Pa. R. Evid. 402 (emphasis added). The Pennsylvania Rules of Evidence

provide that even relevant evidence may also be inadmissible. Pennsylvania Rule of

Evidence 403 provides:

> Although relevant, evidence may be excluded if its probative
> value is outweighed by the danger of unfair prejudice,
> confusion of the issues, or misleading the jury, or by
> considerations of undue delay, waste of time, or needless
> presentation of cumulative evidence.

Pa. R. Evid. 403. See also Commonwealth v. Brown, 786 A.2d 961, 969 (Pa. 2001) (quoting

Pa. R. Evid. 403 in disallowing admission of certain prejudicial yet relevant evidence). The

trial court should exclude otherwise relevant evidence if it determines that there is a danger

that it may unduly arouse the jury's emotions of prejudice or hostility. Commonwealth v.

Travaglia, 467 A.2d 288, 297 (Pa. 1983). Furthermore, evidence that seeks to introduce

collateral matters, those having "no relation to the case [or issue]," and possesses the

potentiality of confusing the trier of fact is also inadmissible. Commonwealth v. Granberry,

499 A.2d 671, 675 (Pa. Super. 1985), vacated on grounds, 613 A.2d 28. See also Bruno v.

Brown, 200 A.2d 405, 406 (Pa. 1964).

Rule 403 excludes relevant evidence for prejudice.

The court may exclude relevant evidence if its probative value is substantially outweighed by unfair prejudice, confusing the issues, or misleading the jury. See Federal Rule of Evidence 4003.

It is the trial court's function to exclude any evidence which would divert attention away from the primary issues in the case. Mansour v. Linganna, 787 A.2d 443, 447 (Pa. Super. 2001). Furthermore, it is "the function of the trial court to balance the alleged prejudicial effect of the evidence against its probative value." Commonwealth v. Parker, 2005 Pa. Super. LEXIS 295 at *8 (August 18, 2005). Trial court determinations concerning the admission and exclusion of evidence "are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion." Crawford v. Pegues, 2008 Phila. Ct. Com. Pl. LEXIS 95 at *14 (citing Leonard v. Nichols Homeshield Inc., 557 A.2d 743, 745 (Pa. Super. 1989)); Whyte v. Roninson, 617 A.2d 380, 383 (Pa. Super. 1992)). Pennsylvania courts do not permit trial counsel to render an argument calculated and designed to influence the jury to decide a case on the basis of prejudice or other improper factors. Hunt v. Herman Pneumatic Mach. Co., 293 A.2d 105 (Pa. Super. 1972). In Hunt, the Pennsylvania Superior Court stated, "a verdict obtained by . . . unfair argument or by an appeal to passion or prejudice stands on but little higher ground than one obtained by false testimony." Hunt, 293 A.2d at 107.

Danette Fife's history of alcohol/medication/drug use is in direct correlation with the above-mentioned case law. Similar to Ratti v. Wheeling Pittsburgh Steel Corp., 758 A.2d 695 (Pa. Super. 2000), in which the Pennsylvania Superior Court refused to admit evidence of

defendant's business contracts that were unrelated to the facts and current matter at trial because they were "not logically related" to the transaction at issue and therefore irrelevant pursuant to Pa. R. Evid. 401. Id. at 707 (emphasis added), Ms. Fife's drug and alcohol background is not logically **related** to the matter at issue. Also, similar to the <u>Crawford</u> case, allowing such evidence to be placed into the earshot of the jury would create the potential of the jury deciding this case in **prejudicial fashion** and **without consideration of the facts at hand**. Such evidence will unjustly taint the jury's perception of Ms. Fife and ignore the issues involved in this case. Any remote probative value would surely be substantially outweighed by the danger of unfairly prejudicing the Plaintiff.

Pennsylvania courts have consistently held that a plaintiff's drug or alcohol addiction is inadmissible because the danger of unfairly prejudicing the plaintiff outweighs its probative value. See <u>Kraus v. Taylor</u>, 710 A.2d 1142, 1144 (Pa. Super. 1998) (Evidence of a Plaintiff's drug and alcohol use is highly prejudicial.); <u>Comm. v. Gaddy</u>, 362 A.2d 217, 220-21 (Pa. 1976).

Only if such use is "chronic" may a party offer such evidence to establish a decrease in an individual's life expectancy. <u>Kraus v. Taylor</u>, 710 A.2d 1142, 1144 (Pa. Super. 1998); see also <u>Pulliam v. Fannie</u>, 2002 WL 34102885 at 1 (Ct. Comm. Pl. Butler County, December 10, 2002) (plaintiff's drug abuse was considered "chronic" where he was arrested previously for two DUI's, had been in multiple rehabilitation centers, and had a long, documented history of polysubstance abuse). Additionally, the "chronic" substance abuse must be long-term and indefinite and not merely evidenced by temporary or casual use. <u>Id.</u>

"Chronic" is defined as "continuing indefinitely, perpetual, constant, and habitual."
Webster's New World Dictionary (3rd Ed.).

Furthermore, after the offering party establishes that one's substance abuse rises to the level of "chronic," the effect that such abuse may have on that individual's life expectancy must be offered by **reliable, qualified expert testimony**, not simply lay opinion testimony. Kraus, 710 A.2d at 1144 (emphasis added). See also Labrador v. City of Philadelphia, 578 A.2d 634 (Pa. Cmwlth. 1990) (The introduction of the use of alcohol for the purpose of showing its effect on the plaintiff's life expectancy was improper, **even though** the plaintiff had cirrhosis of the liver, because such evidence is merely speculative and was not established to a reasonable degree of professional certainty).

In the present case, Danette Fife's history of any drug or alcohol use is irrelevant and therefore inadmissible. Even assuming that such evidence is relevant to the issues set forth in this case, such evidence is unfairly prejudicial to Plaintiff. Additionally, Defendant has not produced any expert testimony regarding Plaintiff's alcohol/drug use and loss of life expectancy.

Kraus differs greatly from this action. In Krause, the plaintiff was an example of a "chronic" drug abuser. As such, it must be construed narrowly and confined to its own unique set of facts.

By way of analogy, the mere assertion by a tort-feasor that a plaintiff had prior complaints of a backache, for example, is not probative evidence necessarily. Where, for example, a plaintiff alleges a herniated disc and there is evidence of prior back complaints, such prior complaints should be excluded from evidence unless the defendant's evidence

furnishes the jury with an adequate basis for finding that independent of the defendant's negligence, the plaintiff's condition would be the same today. Short of such showing by the defendant, such evidence would be inadmissible. The Supreme Court's standards in such situations clearly announce that the defendant is liable for the plaintiff's present complaints. Majors v. Brodhead Hotel, 205 A.2d 873 (Pa. 1965), and DeMaine v. Brillhart, 303 A. 2d 506 (Pa. Super. 1973)

No medical doctor has offered any testimony whatsoever that Danette K. Fife's past drug use in any way reduced her life expectancy.

No medical doctor has offered any testimony whatsoever that her past drug use in any way reduced her future employment opportunities and earning capacity.

No vocational expert has offered any testimony whatsoever that Danette Fife's past drug use in any way reduced her employment opportunities or future earning capacity.

Therefore the Plaintiff requests that no mention by any participant in the trial be made of any prior drug use as there is no basis except prejudicial for same.


C.    **CONCLUSION**

This Honorable Court should preclude any evidence or documentation relating to drug and alcohol usage, history, or rehabilitation. Any proposed testimony on Ms. Fife's alleged drug and alcohol use, and the purported effect of said usage on her life expectancy because such evidence would be irrelevant, unfairly prejudicial, and would greatly confuse

the trier of fact. Defendant has failed to present <u>any</u> qualified expert testimony concerning a

factual relationship between Ms. Fife's drug history and her life expectancy.

Respectfully submitted,

LAW OFFICE OF CEFALO & ASSOCIATES

BY: s/ *Michael J. Cefalo*
     MICHAEL J. CEFALO, ESQUIRE
     ID No. PA 16061

BY: s/ *James J. Albert*
     JAMES J. ALBERT, ESQUIRE
     ID No. PA 78373
     Attorneys for the Plaintiff
     309 Wyoming Avenue
     West Pittston, Pennsylvania 18643
     (570) 655-5555

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANETTE K. FIFE, | : | CIVIL ACTION—LAW |
| | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | THE HONORABLE JUDGE |
| | : | MALACHY E. MANNION |
| ALEESHA BAILEY, | : | |
| | : | |
| Defendant | : | NO. 3:14-CV-01716 |

## ORDER

AND NOW, this _____ day of _____ 2016, it is hereby ORDERED

and DECREED that any testimony, references, or questioning with regard to Danette K.

Fife's alcohol/medication/drug use and/or rehabilitation history is precluded.


BY THE COURT,


_____
                                                                            J.