UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANETTE K. FIFE, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 3:14-1716 |
| v. | : | (JUDGE MANNION) |
| ALEESHA BAILEY, | : | |
| Defendant. | : | |

## MEMORANDUM

Pending before the court is the plaintiff's motion *in limine* to exclude any evidence regarding her prior alcohol and drug history. (Doc. 30). This action arises out of an automobile collision between the parties. On September 3, 2014, the plaintiff Danette K. Fife, filed a negligence suit against the defendant Aleesha Bailey, (Doc. 1), and demands damages for permanent injury, medical expenses, loss of past and future earnings, and pain and suffering, (Doc. 17). For the reasons discussed below, the plaintiff's motion is **DENIED**.

I.   **LEGAL STANDARD**

Evidentiary rulings on motions *in limine* are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. Abrams v. Lightolier, Inc., 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted);

Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994). In considering motions *in limine,* "[t]he Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth." Univac Dental Co. v. Dentsply Int'l, Inc., 268 F.R.D. 190, 196 (M.D. Pa. 2010). This inclusiveness is demonstrated by way of Rule 401's expansive definition of relevant evidence, Rule 402's definition of the admissibility of relevant evidence in sweeping terms, and Rule 403's description of the grounds for exclusion as an exception to the general rule favoring admission of relevant evidence. Id. at 196-97.

Rule 402 expansively permits the admission of all "relevant evidence," defined as "[having] any tendency to make a fact more or less probable than it would be without the evidence," with that fact being "of consequence in determining the action." F. R. Evid. 401. Rule 403 nonetheless permits the court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." These broad principles define the court's discretion in considering motions *in limine*.

**II.    DISCUSSION**

On April 7, 2016, the plaintiff filed a motion *in limine* and a supporting brief as an attachment[1] in an untimely manner. (Doc. 30). The case was originally set for trial on November 2, 2015, (Doc. 19), with a final pretrial conference set for August 31, 2015. (Doc. 18). Motions *in limine* were due in advance of that August final pretrial conference. (Doc. 10). Yet, the plaintiff filed a motion *in limine* only now, over seven months after the pretrial conference date and just one business day before the rescheduled trial date of April 11, 2016. While the defendant has not responded to the motion with a brief in opposition, the court will not deem this as concurrence due to the defendant's oral objection and the little time the plaintiff has afforded the defendant to respond before trial. See LR 7.6.

Even had the plaintiff timely submitted the motion it would nonetheless fail on the merits. Relevant case law does not support the plaintiff's contentions. The plaintiff argues that the court should preclude "all evidence and/or references relating to prior drug and alcohol use, addiction or rehabilitation" on the grounds that the evidence is irrelevant and unfairly

---

[1] For future information, the proper format for filing a motion and memorandum are as separate documents, pursuant to the court's local rules.

prejudicial. (Doc. 30 at 3). The plaintiff anticipates that the defendant will introduce these pieces of evidence as factors that reduce the plaintiff's damages for future earnings capacity and life expectancy. In support, the plaintiff cites the Pennsylvania Superior Court case of Kraus v. Taylor, 710 A.2d 1142, 1146 (Pa. Super. Ct. 1998), which lies flatly at odds with the plaintiff's position. The plaintiff mischaracterizes the case as an alleged example of when "Pennsylvania courts have consistently held that a plaintiff's drug or alcohol addiction is inadmissible because the danger of unfairly prejudicing the plaintiff outweighs its probative value." (Doc. 30 at 7). While the Superior Court did acknowledge that evidence of the appellant's chronic drug and alcohol abuse was highly prejudicial, the Superior Court stated that the evidence was highly probative of appellant's life expectancy and held that admission of the evidence was well within the court's sound discretion. Kraus, 710 A.2d at 1144.

The court is unaware of any binding precedent on this issue and thus looks to other courts for guidance. The Eighth Circuit and Eleventh Circuits have each upheld a district court's finding that a plaintiff's history of alcohol and/or drug use is relevant to the issue of loss of earnings. See Butler v. French, 83 F.3d 942, 945 (8th Cir. 1996) (holding that evidence of plaintiff's

4

"past problems with alcohol abuse" was "relevant to damages for future lost income"); Haney v. Mizell Mem'l Hosp., 744 F.2d 1467, 1475 (11th Cir. 1984) (stating that plaintiff's "history of alcohol and drug use" was relevant to damages for loss of earnings and declining to disturb the trial court's holding that the evidence's probative value outweighed any prejudicial effect). With respect to any pertinence on life expectancy, the Sixth Circuit affirmed the district court's denial of plaintiff's motion *in limine* seeking to exclude evidence of plaintiff's alcohol induced liver condition because "evidence of [plaintiff's] alleged shortened life expectancy due to alcoholism was relevant." Cook v. American Steamship Co., 53 F.3d 733 (6th Cir.1995), *overruled on other grounds by* General Electric v. Joiner, 522 U.S. 136 (1997).

Courts in this district and sister courts have issued similar rulings. See, Gfroehrer v. Calice, No. 3:09-CV-2111, 2011 WL 5320712, at *4 (M.D. Pa. Nov. 1, 2011) (citing Kraus and stating that "a history of drug and alcohol abuse clearly has bearing on a person's life expectancy"); Miller v. Consolidated Rail Corp., No. CIV. A. 98-978, 1999 WL 89668, at *2 (E.D. Pa. Jan. 26, 1999) (holding that evidence of plaintiff's alcohol consumption is relevant to his life expectancy for the calculation of damages); Smith v. Southland Corp., 738 F. Supp. 923 (E.D. Pa. 1990) (finding that evidence of

plaintiff's alcoholism is admissible for limited purposes of rebutting claims for lost earning capacity). Such courts have held that the danger of unfair prejudice of admitting evidence of a history of substance abuse is outweighed by the evidence's probative value. See, e.g., Stramara v. Dorsey Trailers, Inc., No. CIV. A. 96-CV-7361, 1998 WL 848053, at *3 (E.D. Pa. Dec. 7, 1998).

The plaintiff further argues that the court should preclude evidence of the plaintiff's history of alcohol and drug use because the defendant has failed to produce any qualified expert to introduce testimony on any relationship between the plaintiff's alcohol/drug use and earnings capacity or life expectancy. The plaintiff relies on Labrador v. City of Philadelphia, 578 A.2d 634, 635 (Pa. Commw. Ct. 1990), but the case is inapposite. In Labrador, a wrongful death and survival action, the defendant argued that the trial court incorrectly excluded evidence of plaintiff's alcohol use and cirrhosis, which the defendant asserted were relevant because they shortened the plaintiff's life expectancy. The trial court excluded the evidence on the grounds that there was no expert testimony to prove the cause of the plaintiff's cirrhosis. The defendant only appealed the court's exclusion of evidence of the plaintiff's cirrhosis condition, and therefore, as the Superior Court in Kraus noted, "nothing in Labrador suggests the Commonwealth Court would have affirmed

the trial court if it had excluded competent evidence of the decedent's chronic alcohol abuse." Id. at 1144.

Arguments similar to those advocated by the defendant have been rejected by other courts. See, Gfroehrer, 2011 WL 5320712, at *4 ("the Court does not believe expert testimony is required to substantiate the proposition that long-term drug and alcohol use can shorten a person's life"); Stramara, 1998 WL 848053, at *3 (rejecting plaintiff's argument that evidence of the effect drug and alcohol use on life expectancy must be introduced through expert testimony). As the Superior Court in Kraus stated, "Evidence of appellant's chronic drug and alcohol abuse strongly suggests that his life expectancy deviates from the average." Id. at 1144.

To the extent that the plaintiff argues that the defendant has failed to establish that the plaintiff's substance abuse was "chronic," the court finds that there is sufficient evidence of plaintiff's history of substance abuse bearing on her earnings capacity and life expectancy. As the plaintiff conceded, she has been admitted twice for inpatient treatment for chemical dependency in 1988 and 2014, respectively. (Doc. 30 at 4).

If the defendant introduces evidence of the plaintiff's prior alcohol and drug history at trial, in order to prevent any unfair prejudice to the plaintiff, the

court will provide the jury with a limiting instruction that the evidence may only be used for the purpose of damages, specifically for its relevance to the plaintiff's earnings capacity and life expectancy.

### III.   CONCLUSION

For the reasons stated above, the plaintiff's motion *in limine* is denied. The court will, however, provide the jury with an instruction regarding the limited purpose for which the evidence will be admitted. An appropriate order shall be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 11, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1716-01.wpd