UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANETTE K. FIFE,** | : | |
| **Plaintiff,** | : | CIVIL ACTION NO. 3:14-1716 |
| v. | : | (JUDGE MANNION) |
| **ALEESHA BAILEY,** | : | |
| **Defendant.** | : | |

## MEMORANDUM

Pending before the court is the plaintiff's motion for delay damages pursuant to Pa. R. Civ. P. 238. (Doc. 50). This action arises out of an automobile collision between the parties. At the conclusion of a three-day jury trial, the jury returned a verdict awarding the plaintiff $166,465.56 in compensatory damages and finding the plaintiff contributorily negligent by 20%, resulting in a reduction of her award by 20% to a molded award of $133,172.45. (Doc. 41). The plaintiff now requests delay damages under Rule 238. For the reasons discussed below, the plaintiff's motion is **GRANTED** in part, and **DENIED** in part.

## I.   DISCUSSION

Rule 238, "Damages for Delay in Actions for Bodily Injury, Death or

Property Damage," permits a plaintiff to recover prejudgment interest on awards in tort cases under Pennsylvania law. The rule states, in relevant part:

> At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a nonjury trial or in the award of arbitrators . . . .

Pa. R. C. P. 238(a)(1). The rule further provides that damages for delay shall be awarded "for the period of time from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision." Pa. R. C. P. 238(a)(2). The rule also specifies conditions in which that time period will be reduced. In confirming the applicability of Rule 238 to diversity actions brought in federal court in Pennsylvania, the Third Circuit described the underlying purposes of the rule:

> Rule 238 awards damages for delay only in cases where the defendant made no settlement offer prior to trial or where the defendant made an offer of settlement which was 25% less than the amount of the jury verdict. Such language clearly reflects a primary desire to encourage pre-trial settlement. In those instances where the settlement offer is not accepted and the jury verdict does not exceed the offer by 25%, the interest is only computed up to the date of the settlement offer. By tolling the running of interest, this provision demonstrates the prominent goal of fostering early settlements. Undeniably, this rule serves to compensate the plaintiff for the inability to utilize funds rightfully due him, but the basic aim of the rule is to alleviate delay in the disposition of cases, thereby lessening congestion in the courts.

2

Jarvis v. Johnson, 668 F.2d 740, 744-45 (3d Cir. 1982) (quoting Laudenberger v. Port Auth. of Allegheny Cty., 436 A.2d 147, 149 (Pa. 1981)); see also Knight v. Tape, Inc., 935 F.2d 617, 632 (3d Cir. 1991) (upholding constitutionality of Rule 238 and referencing the rule's main goal in expediting the settlement of meritorious tort claims).

The parties do not dispute the plaintiff's entitlement to delay damages, but they disagree on the appropriate date of service of process for purposes of calculating the number of days of delay. In this case, on September 3, 2014, the plaintiff Danette K. Fife, a Pennsylvania resident, filed the complaint against the Connecticut defendant, Aleesha Bailey, in this District, alleging that the defendant was negligent in operating a motor vehicle on Pennsylvania roads. (Doc. 1). On September 13, 2014, the plaintiff attempted to serve the summons and complaint on the defendant by certified mail, return receipt requested. (Doc. 50 at 6). The defendant signed the return receipt that same day, which the defendant acknowledges. (Doc. 53 at 3). The plaintiff also had enclosed a federal form of waiver of service of summons. The defendant signed the waiver, which the plaintiff filed on December 18, 2014. (Doc. 6).

The plaintiff attempted service on the defendant through two different methods: through state law procedures, as permitted under Fed. R. Civ. P.

4(e), and through federal waiver of service under Fed. R. Civ. P. 4(d). Federal Rule of Civil Procedure 4(e) allows the plaintiff to serve the defendant by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. Pennsylvania law allows service of process on an out-of-state defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Pa. R. Civ. P. 403, 404. Service is deemed complete upon delivery of the mail. Federal Rule of Civil Procedure 4(d) permits the plaintiff to notify the defendant that an action has been commenced and request that the defendant waive the service of a summons. If the defendant waives service, the plaintiff is to then file the waiver, and service is deemed complete as of the time of filing of the waiver.

The plaintiff argues that the defendant was properly served under Fed. R. Civ. P. 4(e) using state law procedures when the plaintiff mailed the defendant a copy of the summons and complaint on September 13, 2014. By contrast, the defendant argues that, for purposes of calculating delay damages, the appropriate date of service is December 18, 2014, when the defendant filed the waiver of service of summons under Fed. R. Civ. P. 4(d). The undisputed end date of the delay period is the date of the jury verdict on

April 13, 2016.[1] (Doc. 41).

Delay damages are calculated by multiplying the molded verdict amount, the prime rate plus one percent, and the ratio of number of days of delay to the number of days in the year. Using the date of the mailing, as the plaintiff proposes, the relevant time period for delay damages would be 212 days. Using the date of the filing of the waiver, the time period the defense proposes would reduce the period to 116 days. The rate for calculating delay damages is "the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded, plus one percent, not compounded." Pa. R. Civ. P. 238(a)(3). The prime rate was 3.25% in 2015 and 3.5% in 2016. Pa. R. Civ. P. 238 add. to explanatory cmt. (2016). As illustrated in Tables 1 and 2 below, under the plaintiff's analysis, delay damages would be $3,381.31; whereas, under the defendant's analysis, delay damages would be $1,892.69. The difference between the two calculations is therefore $1,488.62.

---

[1] The calculation in plaintiff's motion provides an end date of April 11, 2016, which appears to be a typographical error because, in the same filing, the plaintiff acknowledges that the jury entered a verdict on April 13, 2016. (Doc. 50).

Table 1: Calculation from September 13, 2015 to April 13, 2016

| Year | Verdict | Rate | Days | Total |
|---|---|---|---|---|
| 2015 | $133,172.45 | 4.25% | 109/365 days | $1,690.20 |
| 2016 | $133,172.45 | 4.5% | 103/365 days | $1,691.11 |
| | | | | $3,381.31 |

Table 2: Calculation from December 18, 2015 to April 13, 2016

| Year | Verdict | Rate | Days | Total |
|---|---|---|---|---|
| 2015 | $133,172.45 | 4.25% | 13/365 days | $201.58 |
| 2016 | $133,172.45 | 4.5% | 103/365 days | $1,691.11 |
| | | | | $1,892.69 |

The court finds that the proper service date for purposes of calculating delay damages is the latter date of December 18, 2014. Under Third Circuit precedent, once a plaintiff has attempted to enact a federal waiver of service, the plaintiff "unequivocally" identifies his or her intent to serve process under the federal, and not the state-law, service provision. Umbenhauer, 969 F.2d at 25. In Umbenhauer, the plaintiffs mailed the foreign defendants the summons and complaint with a return receipt, which indicated that the defendants

6

received the summons and complaint. Similar to this case, the plaintiffs also enclosed in the mailing Form 18-A, the standard federal "notice and acknowledgment" form, which has since been replaced by Form AO 399, the current "waiver of the service of summons" form. The defendants in that case did not return the waiver of service. The Third Circuit acknowledged that had the plaintiffs simply mailed copies of the summons and complaint with return receipt to the defendants, the plaintiffs would have properly effected service on the defendants according to Pennsylvania law, as permitted in Fed. R. Civ. P. 4(c)2(C)(ii) (1992) (repealed 1993). Regardless, because the plaintiffs enclosed the forms requesting that the defendants waive service, which is a "uniquely federal method of serving process," the plaintiffs "[could] not retroactively characterize their service attempt as having been made pursuant to state law." Umbenhauer, 969 F.2d at 30. Thus, the Third Circuit held that the plaintiffs did not properly serve the defendants despite their compliance with state law procedures.

In Gonzalez v. Thomas Built Buses, Inc., 268 F.R.D. 521, 525 (M.D. Pa. 2010), the district court was also confronted with the situation in which the plaintiffs mailed the defendants the summons and complaint with return receipt, as well as the federal form for waiver of service of summons. The

defendants executed the return of service but not the federal waiver of service. Following the precedent of Umbenhauer, the district court stated that attaching the waiver to the complaint and summons "effectively voided" the plaintiffs' purported service under state law and held that the defendants were not properly served. Id. at 525.

Unlike the instant case, in Umbenhauer and Gonzalez, the defendants in the respective cases did not fill out the federal waiver of service forms, and the courts had to decide the issue of whether the defendants were nonetheless properly served through the state law method. Although those cases did not deal with the issue of delay damages, their mandate is clear - that when a plaintiff initiates service of process using the federal waiver of service method and sends a waiver form, a plaintiff may not later claim that the plaintiff served the defendant using state-sanctioned methods.

In Umbenhauer, the Third Circuit reasoned that a recipient of the form would rely on the provisions contained in the form, and the recipient's response would be dictated by the options laid out in the provisions. The reasoning in Umbenhauer extends to this case as well. The form apprises the defendant of the duties and obligations under the federal method of service. For example, the waiver informs the defendant that if the defendant fails to

8

return a signed waiver, the defendant will be required to pay the expenses of service unless the defendant can show good cause for the failure. The form also lays out deadlines for response. By sending the waiver of service form, the plaintiff makes clear that the defendant must proceed as prescribed by the relevant procedures in the form and, in doing so, play his or her part in moving the case along.

The court finds that the plaintiff is entitled to delay damages but rejects the plaintiff's calculation for the amount of delay damages. The relevant time period for purposes of calculating delay damages is December 14, 2015 through April 13, 2016. The plaintiff is entitled to $1,892.69 in prejudgment interest for 116 days of delay.

## II.   CONCLUSION

For the reasons stated above, the plaintiff's motion is granted in part, and denied in part. An appropriate order shall be issued.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: May 9, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1716-02.wpd